FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

David Hohsfield

**COMPLAINT**

(Enter above the full name of the plaintiff in this action)

V.

Civil Action No. _____

Craig Staffirei, Nicholas
Marchisello, Michael Gabbianelli,
Louis Dematteo, Monroe Twsp.
Police Dept. John Does 1-5
All personally and in their
Professional Capacity.

(Enter the full name of the defendant of defendants in this action)

(To be supplied by the Clerk of the Court)

RECEIVED

OCT 25 2021

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## INSTRUCTIONS; READ CAREFULLY

1.    This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.    In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's  jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.    You must provide the full name of each defendant or defendants and where they can be found.

4.    You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.    Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of    $50.00), your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

6.    If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.    If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.    Jurisdiction is asserted pursuant to (CHECK ONE)

_XX_   42 U.S.C. §1983 (applies to state prisoners)

____   Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:    42 U.S.C. 1985

_____

1b.    Indicate whether you are a prisoner or other confined person as follows:

_XX_ Pretrial detainee

___ Civilly-committed detainee

___ Immigration detainee

___ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Other: (please explain)_____

2.   Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a.   Parties to previous lawsuit:

Plaintiff(s): _____

_____

Defendant(s):_____

_____

b.   Court and docket number:_____

c.   Grounds for dismissal:  ( )    frivolous    ( ) malicious

( )    failure to state a claim upon which relief may be granted

d.   Approximate date of filing lawsuit:_____

e.   Approximate date of disposition:_____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3.   Place of Present Confinement?_____South Woods State Prison_____

4.   Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a.   Name of plaintiff:____David Hohsfield_____

Address:_____

Inmate#:_____

b.    First defendant:   See Attached Papers

Name:_____

Official position:_____

Place of employment:_____

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

_____
_____
_____
_____

c.    Second defendant:

                    See Attached Papers
Name:_____

Official position:_____

Place of employment:_____

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

_____
_____
_____
_____

d.    If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

5.   I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

_____Yes   X X _No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

_____
_____
_____

If your answer is "No," briefly explain why administrative remedies were not exhausted.

Relief is not applied in this situation.
_____
_____
_____

6.   Statement of Claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

See Attached
_____
_____
_____
_____
_____
_____

7.    Relief

(State briefly exactly what you want the Court to do for you. Make no
legal arguments. Cite no cases or statutes.)

    See Attached

_____

_____

_____

_____

_____

_____

_____

_____

8.     Do you request a jury or non-jury trial? (Check only one)

(x) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 20th day of October , 20 21

_____

Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT
HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF.
REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**DAVID HOHSFIELD**

           **Plaintiff,**

    **V.**

**Officer Craig Staffieri, Officer
Nicholas Marchisello, Sgt. Michael
Gabbianelli, Monroe Township
Police Dept., Louis Dematteo,
John Does 1-5 as unknown
defendants. All defendants sued both
personally and in their official capacities.
      Defendants.**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CIVIL RIGHTS COMPLAINT
JURISDICTION ASSERTED UNDER
42 USC 1983 , 42 USC 1985**

**CIVIL ACTION No. _____**

Jurisdiction is asserted under 42 USC 1983 AND 42 USC 1985. Plaintiff is also requesting to proceed IFP status under 28 USCD 1915.  For the Courts convenience a six month inmate statement is attached to this complaint for the Courts consideration.

Plaintiff is currently confined as a Pretrial Detainee at Southwoods State Prison in Bridgeton, New Jersey awaiting disposition of a parole violation hearing as well as the adjudication of the criminal state complaints mentioned in this complaint, and therefore Plaintiff requests the Court to preserve his right to bring this complaint when the state complaints are adjudicated.

1

## DEFENDANTS LISTED IN COMPLAINT

<u>**Officer Craig Staffieri :**</u>  **First Defendant :  This named defendant violated Plaintiffs 4th Amend. State and Federal Constitutional Civil Rights by participating to conspire with the other named defendants to arrest, prosecute, and imprison Plaintiff for crimes he did not commit.**

<u>**Officer Nicholas Marchisello :**</u>  **Second Defendant :  This named defendant violated Plaintiffs 4th Amend. State and Federal Constitutional Protected Civil Rights by participating to conspire with the other named defendants to arrest, prosecute, and imprison Plaintiff for crimes he did not commit.**

<u>**Sergeant Michael Gabbianelli :**</u> **Third Defendant :  This named defendant was the Supervising Official on location with the other named defendants when Plaintiff was taken into custody in violation of his 4th Amend. State and Federal Constitutional Protected Civil Rights to conspire against with other named defendants to, arrest prosecute, and imprison Plaintiff for crimes he did not commit.**

<u>**Monroe Township Police Dept. :**</u>  **Fourth Defendant  : Monroe Twsp. Police Dept. is named as one of the defendants by virtue of being the employer of the above named**

2

defendants. Monroe Township Police Dept. failed to properly train the defendants regarding their Policies and Procedures as well as establishing Probable Cause needed to arrest and incarcerate the Plaintiff. Defendants additionally ignored exculpatory video evidence that showed that Plaintiff did not commit the offenses charged and that defendants acted under color of law by engaging in unlawful, unreasonable, and arbitrary actions which led to Plaintiff being arrested and incarcerated for crimes he did not commit.

<u>Louis Dematteo:</u>  5th Defendant :  Louis Dematteo is named a defendant as the stores Loss Prevention Officer who contacted the Monroe Twsp. Police Dept. to report that Plaintiff was acting suspiciously as well as was "appearing" to be following other shoppers in the store exposing himself which is contrary to what the stores video surveillance shows. The actions of Mr. Dematteo was malicious and without cause and as such violated Plaintiffs 4th Amend. State and Federal Constitutionally Protected Rights.  Louis Dematteo is not a state employee, however he is part of this complaint by virtue of being the person who contacted the Monroe Twsp. Police Dept. stating that "it appeared" Plaintiff was allegedly exposing himself in the store, when in reality he was not.

# PLAINTIFFS STATEMENT OF CLAIMS

On Sept. 12, 2020 while shopping at a Walmart for clothes Plaintiff was approached by the defendants Police Officers from Monroe Twsp. Police Dept. and placed under arrest for allegedly exposing intimate parts of his body, ie. the genital area.

Thereafter taken into custody and transported to Monroe Twsp. Police Dept. and charged with Lewdness and Endangering the Welfare of a minor.

During the questioning and interrogation by Detective Darcangelo at the Police Dept.  I was informed by the Det. that the Loss Prevention employee Louis Dematteo at Wal-Mart had contacted the police dept. to report what looked like to be someone "attempting to expose himself to other shoppers" at the store.

A few minutes into the interrogation Det. Darcangelo presented a still photo that was taken from the store surveillance video, pointed to the groin area and then asked "if it was possible that my penis was exposed without my knowledge"? I told him it was not. He then asked if it was possible your genital area was exposed accidentally or without your knowledge. I then told the Det. that if my penis or testicles were exposed I would surely know it, as well as anyone around would also know it. [1]

The still photo that I was shown appeared to me to be altered, possibly through a Photo Shop or Deep Fake App in a way that showed a shadow around the groin area in the photo, but no genitalia showing whatsoever.

---

[1] Despite Plaintiff being in the store for over an hour there were no reports by any shoppers of Plaintiff acting inappropriately.

I was then asked by Det. Darcangelo why were my fingers inside my pant waistband ? I informed him that the day before I had burned my lower stomach area and was only moving my pant waistband off and away from the burn area because the pant waistband was rubbing up against the injury and irritating the burn. I thereafter stood up and showed the burn to the Detective where he stated that "yeah, I does look like a rash or something". [2]

After I was finger printed and processed defendants discovered that I was on Megan's Law as well as on Parole PSL. Once this information was discovered I was subjected to their verbal abused and threatened by the defendants, stating that people like you should be shot and put out of their misery.

After being verbally abused and threatened defendants insisted that I committed the offense and was being charged with it because I was a sex offender. Plaintiff maintained his innocence, however could not prove anything until Discovery was received about 6 months later and viewed by Plaintiffs attorney, who then informed me that there was no exposed genitalia, but there was what seemed to be a shadow around the groin area.

Despite defendants having this exculpatory evidence they with held it and still chose to arrest and prosecute Plaintiff for no other reason but being a registered sex offender, and as such must be guilty of the charged offense. These actions showed a personal, professional and deliberate indifference towards Plaintiff.

\*      \*      \*      \*      \*      \*

---

[2] Medical reports of Plaintiffs injuries were submitted to defendants confirming the burn to Plaintiffs stomach area.

**Officer Craig Staffieri** was one of the defendants who claimed to have witnessed Plaintiff commit the offense by stating "I observed Plaintiff on the stores surveillance system", thereafter arresting and imprisoning Plaintiff despite having seen the exculpatory evidence that proved Plaintiffs innocence.  Defendant Staffieri's actions were under color of law by engaging in unlawful, unreasonable, and arbitrary actions against Plaintiff and as such violated Plaintiffs 4th Amend. State and Federal Constitutional Rights, as well as committing the act of perjury and conspiring with the other defendants to arrest and charge Plaintiff with crimes he did not commit.

**Officer Nicholas Marchisello** was one of the defendants dispatched to the location of where the alleged offense occurred. This defendant according to defendant Staffieri also witnessed the alleged offense on the store video surveillance monitor in the Loss Prevention Office. As a participant in Plaintiffs unlawful arrest he is additionally responsible in violating Plaintiffs 4th Amend. State and Federal Constitutional Rights. Defendant Marchisello is additionally guilty of 42 USC 1985 for Civil Conspiracy against Plaintiff for stating under oath that he witnessed the offense being committed by Plaintiff when the store video clearly contradicts defendant's statements.

**Defendant Gabbianelli** was the Supervising and ranking Officer on location of the scene  where the alleged offense occurred. This defendant also claims to have witnessed the criminal offense on the stores video surveillance monitor in the Loss

6

Prevention Office. As the Supervisor on location he was responsible for the actions of his subordinate officers effectuating the arrest and prosecution of Plaintiff for a crime he did not commit, thus violating Plaintiffs 4th Amend. State and Federal Constitutional Rights, as well as committing the act of perjury to conspire with the other defendants to arrest and charge Plaintiff with crimes he did not commit.

The Monroe Twsp. Police Dept. is named as a defendant in this action as the defendant's employer, and as such responsible for the training and enforcing their Policies and Procedures of the Police Dept. Their lack of training to follow their Police Dept. Policies and Procedures caused Plaintiffs State and Federal Constitutional Rights for False Arrest, False Imprisonment, Malicious Prosecution, abuse of Legal Process, and Selective Prosecution for crimes he did not commit.

Louis Dematteo is named as the stores Loss Prevention employee who falsely accused Plaintiff of exposing himself to the shoppers thereafter contacted the police informing them that Plaintiff was in the store exposing himself to the other shoppers when he was not... If not but for Mr. Dematteo's slanderous accusations against Plaintiff he would not have been arrested and spent the last 16 months in jail for a crime he did not commit...

## RELIEF REQUESTED

Plaintiff seeks Compensatory Damages in the amount of $ 500,000.00, (Five Hundred Thousand Dollars) and Punitive Damages in the amount of $ 1,000,000,00. (One Million Dollars).  The relief Plaintiff is requesting is subject to change pending appointment of counsel in this action and receipt of full Discovery.

Any part of Plaintiffs complaint is subject to being amended by counsel once retained and appointed.

*     *     *     *     *

Officer's Craig Staffieri, Nicholas Marchisello, and Michael Gabbianelli are all employees of  the Monroe Twsp. Police Dept. in Monroe Twsp. NJ , located at 125 Virginia Ave. MonroeTwsp.  NJ 08094.

Louis Dematteo, is employed at Walmart Dept. Store in the Loss Prevention Dept. located in 1840 So. Black Horse Pike, in Williamstown, NJ 08094.