UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
NOV 18 2021
AT 8:30_____M
WILLIAM T. WALSH
CLERK

DAVID HOHSFIELD

Plaintiff,

V.

Officer Craig Staffieri, Officer Nicholas Marchisello, Sgt. Michael Gabbianelli, Monroe Township Police Dept., Louis Dematteo, John Does 1-5 as unknown defendants. All defendants sued both personally and in their official capacities.
Defendants.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CIVIL RIGHTS COMPLAINT
JURISDICTION ASSERTED UNDER
42 USC 1983 , 42 USC 1985

CIVIL ACTION No. _____

Jurisdiction is asserted under 42 USC 1983 AND 42 USC 1985. Plaintiff is also requesting to proceed IFP status under 28 USCD 1915. For the Courts convenience a six month inmate statement is attached to this complaint for the Courts consideration.

Plaintiff is currently confined as a Pretrial Detainee at Southwoods State Prison in Bridgeton, New Jersey awaiting disposition of a parole violation hearing as well as the adjudication of criminal state complaints mentioned in this complaint, and therefore Plaintiff requests the Court to preserve his right to advance this complaint when the state complaints are adjudicated.

## DEFENDANTS LISTED IN COMPLAINT

<u>Officer Craig Staffieri</u> :  First Defendant :  This named defendant violated Plaintiffs 4th, 8th, and 14th Amend. State and Federal Constitutional protected Civil Rights by participating to conspire with the other named defendants to arrest, prosecute, and imprison Plaintiff for crimes he did not commit. Defendant's willful and wanton actions constituted unlawful imprisonment as well as cruel and unusual punishment against Plaintiff.

<u>Officer Nicholas Marchisello</u> :  Second Defendant :  This named defendant violated Plaintiffs 4th, 8th, and 14th Amend. State and Federal Constitutional Protected Civil Rights by participating to conspire with the other named defendants to arrest, prosecute, and imprison Plaintiff for crimes he did not commit. Defendant's willful and wanton actions constituted unlawful imprisonment as well as cruel and unusual punishment against Plaintiff.

<u>Sergeant Michael Gabbianelli</u> : Third Defendant :  This named defendant was the Supervising Official on location with the other named defendants when Plaintiff was taken into custody in violation of his 4th , 8th, and 14th Amend. State and Federal Constitutional Protected Civil Rights to conspire against with other named

defendants to, arrest prosecute, and imprison Plaintiff for crimes he did not commit. Defendant's willful and wanton actions constituted unlawful imprisonment as well as cruel and unusual punishment against Plaintiff.

Monroe Township Police Dept. :  Fourth Defendant  : Monroe Twsp. Police Dept. is named as a defendant by virtue of being the employer of the above named defendants. Monroe Township Police Dept. failed to properly train defendants regarding their Policies and Procedures as well as establishing the Probable Cause needed to arrest and incarcerate the Plaintiff. Defendants turned a blind eye to exculpatory video evidence which clearly showed that Plaintiff did not commit the offenses that he was charged with and that all defendants acted under color of law by engaging in unlawful, unreasonable, arbitrary and capricious actions that led to Plaintiff being arrested and incarcerated for crimes he did not commit. Defendant's willful and wanton actions constituted unlawful imprisonment as well as cruel and unusual punishment against Plaintiff.

Louis Dematteo:  5th Defendant :  Louis Dematteo as a defendant as the stores Loss Prevention Officer who contacted the Monroe Twsp. Police Dept. to report that Plaintiff was acting suspiciously as well as was "appearing" to be following other shoppers in the store exposing himself which is contrary to the stores video

discovery. The actions of Mr. Dematteo were malicious and slanderous and without cause, and as such violated Plaintiffs 4th, 8th, and 14th Amend. State and Federal Constitutionally Protected Rights. Defendants willful and wanton actions constituted unlawful imprisonment as well as cruel and unusual punishment.

## PLAINTIFFS STATEMENT OF CLAIMS

On Sept. 12, 2020 while shopping at a Walmart for clothes Plaintiff was approached by Police Officers from Monroe Twsp. Police Dept. and placed under arrest for allegedly exposing intimate parts of his body, ie. the genital area.

Thereafter taken into custody and transported to Monroe Twsp. Police Dept. and charged with Lewdness and Endangering the Welfare of a minor, contrary to the provisions in NJSA 2C:24-4(a) and 2C:14-4.

During the questioning and interrogation by Detective Darcangelo at the Police Dept. Plaintiff was informed that the Loss Prevention employee Louis Dematteo from Wal-Mart had contacted the police dept. to report what looked like to be someone "attempting to expose himself to other shoppers" at the store.

A few minutes into the interrogation Det. Darcangelo presented a still photo that was taken from the store surveillance video, pointed to the groin area and then asked "if it was possible that your penis was exposed without your knowledge"? I told him no. He then asked if it was possible your genital area was exposed accidentally or without your knowledge. I then informed the Det. that if my penis or

testicles were exposed I would surely know it, as well as anyone around would also know it. [1]

I was then shown a still photo by Det. Darcangelo that appeared to be altered, possibly through Photo Shop or Deep Fake App in a way that showed a shadow around the groin area in the photo, but no genitalia showing whatsoever.

I was then asked by Det. Darcangelo why my fingers inside my pant waistband ? I informed him that the day before I had burned my lower stomach area and was moving my pant waistband off and away from the burn area because the pant waistband was rubbing up against the injury and irritating the stomach burn. At that point in time I stood up and showed the burn to the Detective where he stated that "yeah, it does look like you have a rash or something". [2]

After I was finger printed and processed defendants discovered that I was on Megan's Law as well as on Parole PSL. Once this information was discovered I was subjected to verbal abused and threatened by the defendants, stating that people like you should be shot and put out of their misery.

After the verbal abuse and being threatened defendants insisted that I committed the offense and was being charged with because I was a registered sex offender. Plaintiff maintained his innocence, however could not prove it until the state provided Discovery was received about 6 months later and thereafter viewed by Plaintiffs attorney, who then discovered that there was no exposed genitalia, but there was what seemed to be a shadow around the groin area.

---

[1] Despite Plaintiff being in the store for over an hour there were no reports by any shoppers of Plaintiff acting inappropriately.
[2] Medical reports of Plaintiffs injuries were submitted to defendants confirming the burn to Plaintiffs stomach area.

Despite defendants having this exculpatory evidence in their possession they with held it and still chose to arrest and prosecute Plaintiff for no other reason but being a registered sex offender, and as such determined that I must be guilty of the charged offense. These actions showed a personal, professional and deliberate indifference towards Plaintiff.

\* \* \* \* \* \*

<u>Officer Craig Staffieri</u> is named as one of the defendants who claimed to have witnessed Plaintiff commit the offense by stating in his affidavit for the issuance of the warrant that "I observed Plaintiff on the stores surveillance system expose himself in the presence of a minor", thereafter arresting and imprisoning Plaintiff despite having seen clear and convincing exculpatory evidence proving Plaintiffs innocence. Defendant Staffieri's actions were under color of law by engaging in unlawful, unreasonable, and arbitrary actions against Plaintiff and as such violated Plaintiffs 4th, 8th, and 14th Amend. State and Federal Constitutional Rights, as well as committing the act of perjury and conspiring with the other defendants to arrest and charge Plaintiff with crimes he did not commit.

<u>Officer Nicholas Marchisello</u> is named as one of the defendants who was dispatched to the location of where the alleged offense occurred. This defendant according to Officer Staffieri also witnessed the alleged offense on the store video surveillance monitor in the Loss Prevention Office. As a participant in Plaintiffs unlawful arrest he is also responsible in violating Plaintiffs 4th 8th, and 14th Amend. State and

Federal Constitutional Protected Rights. Defendant Marchisello is additionally guilty of 42 USC 1985 for Civil Conspiracy against Plaintiff for stating under oath that he witnessed the offense being committed by Plaintiff when the store video clearly contradicts defendant's statements.

<u>Defendant Gabbianelli</u> was the Supervisor and ranking Officer on location of the scene where the alleged offense occurred. This defendant also claims to have witnessed the criminal offense on the stores video surveillance monitor in the Loss Prevention Office. As the Supervisor on location he was responsible for the actions of his subordinate officers effectuating the arrest and prosecution of Plaintiff for a crime he did not commit, thus violating Plaintiffs 4th 8th, and 14th Amend. State and Federal Constitutional Protected Rights, as well as committing the act of perjury to conspire with the other defendants to arrest and charge Plaintiff with crimes he did not commit.

<u>The Monroe Twsp. Police Dept.</u> is named as a defendant in this action being the defendant's employer, and as such responsible for the training of their officers and enforcing their Policies and Procedures of the Police Dept. Their lack of training to follow their Police Dept. Policies and Procedures caused the violation of Plaintiffs 4th, 8th, 14th Amend. State and Federal Constitutional Rights for False Arrest, False Imprisonment, Malicious Prosecution, abuse of Legal Process, and Selective Prosecution for crimes he did not commit.

<u>Louis Dematteo</u> is named as a defendant and as the Loss Prevention employee who falsely accused Plaintiff of exposing himself to the shoppers thereafter contacted the police informing them that Plaintiff was in the store exposing himself to the other shoppers when he was not... If not but for Mr. Dematteo's slanderous accusations against Plaintiff he would not have been arrested and spent the last 16 months in jail for a crime he did not commit... His actions constituted the violation of Plaintiffs 4th, 8th, 14th Amend. State and Federal Constitutional Rights for False Arrest, False Imprisonment, Malicious Prosecution, abuse of Legal Process, and Selective Prosecution for crimes he did not commit.

## RELIEF REQUESTED

Plaintiff seeks Compensatory Damages in the amount of $ 750,000.00, ( Seven Hundred and Fifth Thousand Dollars) and Punitive Damages in the amount of $ 5,000,000,00. (Five Million Dollars). The relief Plaintiff is requesting is subject to change pending appointment of counsel in this action and receipt of full Discovery.

Any part of Plaintiffs complaint is subject to being amended by counsel once retained and appointed.

\*   \*   \*   \*   \*

## Addresses of Defendants for Service

Officer's Craig Staffieri, Nicholas Marchisello, and Michael Gabbianelli are all employees of the Monroe Twsp. Police Dept. in Monroe Twsp. NJ , located at 125 Virginia Ave. MonroeTwsp. NJ 08094.

Louis Dematteo, is employed at Walmart Dept. Store in the Loss Prevention Dept. located in 1840 So. Black Horse Pike, in Williamstown, NJ 08094.

David Hohsfield # 567841A