UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID HOHSFIELD,**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICER CRAIG STAFFIERI, et al.,**<br><br>Defendants. | Civil Action No.  21-19295 (FLW)<br><br>**MEMORANDUM AND ORDER** |

Plaintiff David Hohsfield, currently incarcerated at South Woods State Prison, has filed a Complaint, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  ECF No. 1.  On November 1, 2021, the Court granted Plaintiff's IFP application, and dismissed the Complaint at screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See* ECF No. 2.  The matter was administratively terminated, and Plaintiff was provided with 45 days to submit an amended complaint. The Clerk of the Court sent the Court's Memorandum and Order to Plaintiff at the address on file, but the notice was returned as undeliverable.  ECF No. 3.

Thereafter, Plaintiff submitted what appeared to be an amended complaint, which was docketed on November 18, 2021.[1]  ECF No. 4.  The docketing notice for the amended complaint was also returned as undeliverable.  ECF No. 5.  Subsequently, on November 29, 2021, Plaintiff submitted a request to reopen the matter and stated that he did not receive the Court's prior Memorandum and Order, which dismissed his Complaint at screening  The docketing notice for Plaintiff's letter was also returned as undeliverable.  ECF Nos. 6-8.

---

[1] It is not clear if the amended complaint is meaningfully different from Plaintiff's original Complaint, and Plaintiff has stated that he did not receive the Court's Memorandum and Order dismissing his Complaint at screening. As explained in this Memorandum and Order, the Court will provide Plaintiff with 45 days to submit an all-inclusive Amended Complaint that addresses the deficiencies in his original Complaint.

1

Finally, on December 29, 2021, the Court received a letter from Plaintiff requesting additional time to submit an amended complaint in this matter and notifying the Court that he will be released from prison on January 11, 2022, and plans to seek private counsel.

In light of his pro se status, the Court will direct the Clerk of the Court to resend Plaintiff the Court's screening Memorandum and Order dated November 1, 2021, and provide Plaintiff with an additional 45 days to submit an amended complaint and a motion to reopen this matter.[2] This matter shall be administratively terminated.

**IT IS, THEREFORE**, on this 3rd day of January 2022,

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN; and it is further

**ORDERED** that the Clerk of the Court shall a copy of the Court's Memorandum and Order dated November 1, 2021, ECF No. 2, to Plaintiff at the address on file; and it is further

**ORDERED** that Plaintiff may submit an amended complaint and move to reopen this matter on or before February 17, 2022, to the extent he can cure the deficiencies in his Complaint; and it is further

**ORDERED** that if Plaintiff fails to submit an Amended Complaint within 45 days or seek an extension with cause, the Court's prior dismissal of this action will automatically convert to a dismissal with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and CLOSE this matter accordingly.

---

[2] Plaintiff should note that when an amended complaint is filed, it supersedes all prior complaints and renders them of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. *Id.*

3

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge