RECEIVED

David Hohsfield
1208 Washington Ave.
Asbury Park, NJ 07712

MAR 1 6 2022

AT 8:30_____M
WILLIAM T. WALSH
CLERK

3/12/2022

United States District Court
402 E. State Street, Rm. 2020
Trenton, NJ 08608
Attn: Honorable Freda Wilson, Chief Judge

Re: 21-19295 (FLW)

Dear Judge Wilson;

    Enclosed please find a copy of my amended 1983 Civil Rights Complaint.
I would ask the Court to accept my amended complaint and that if the Court finds any
discrepancies that they be brought to my attention so that I may have the opportunity to address
the discrepancies in a timely manner.

    I would also ask that the Court keep in mind my request for Pro-Bono assignment of
counsel as I believe that my complaint is not a frivolous case and warrants advancement as
well as an Order for Discovery so the Court can appreciate the full scope of Plaintiff's complaint.

    Thanking the Court for its time and attention into this matter...

Respectfully submitted,
David Hohsfield

C. File

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### TRENTON DIVISION

RECEIVED

MAR 1 6 2022

AT 8:30_____M
WILLIAM T. WALSH
CLERK

David Hohsfield .          *

      Plaintiff ,          *

    V.          *          Civil Action No.  21-19295- (FLW)

Monroe Township, Monroe Township
Police Dept., Officer Craig Staffieri,          *          **COMPLAINT**
Officer Nicholas Marchisello,          **JURY TRIAL REQUESTED**
Detective Darcangelo, Sgt. Michael          *          **First Amended Civil Rights Complaint**
Gabbianelli, Walmart Loss Prevention          **Pursuant to :**
Officer Louis Dematteo, Walmart          *          **42 USC 1983, 42 USC 1985,**
Stores Inc. John/Jane Does 1-10.          **28 USC 1367, and 28 U.S.C. § 1331**
All in their Personal as well as their          *
Professional Capacities.

      Defendant(s) .          *

_____          *

    **Jurisdiction is asserted under** <u>42 USC 1983, 42 USC 1985</u>**, and under** <u>28 USC 1367</u>**.**

**Plaintiff  additionally requests Assignment of Counsel as he does not have the knowledge nor**

**experience to prosecute his complaint from start to finish… The Court should be aware that**

**during the past several weeks Plaintiff had contacted numerous Civil Rights Attorneys to ask**

**if they would consider representing me with this Civil Rights Complaint on a contingency fee**

**basis, they all declined because the complaint had already been filed with the Court and they**

**did not want to pick up where I had left off.  I was told that had the complaint not already been**

**filed they would have considered representing me in the matter. The names of the attorneys**

that I contacted regarding representation are Kevin Costello, Esq., Mt. Laurel, NJ,  Beth Cole

of Williams Ceder, Haddonfield, NJ ,  Drazin and Warshaw, Redbank, NJ and a few others…


*     *     *     *


As the Court is aware, plaintiff no longer is confined at South Woods State Prison

and is currently residing at 1208 Washington Ave. , Asbury Park NJ 07712…Plaintiff was

released by the Honorable Marybeth Kramer, JSC on Indictment # 21-06-00480-I on October 12,

2021 pursuant to NJSA 2A: 162-17 et al.  However, the plaintiff remained confined until Jan. 11,

2022 as the result of a parole detainer that was issued as the result of plaintiff being arrested

by Monroe Twsp. and charged with criminal complaint(s). As of this date, Plaintiff's parole

issue remains unresolved and unadjudicated…Plaintiff filed a notice of Tort Claim with the

state on or about November of 2020 by giving the notice to the corrections officer to place in

the institution mail system. As of the date of this complaint Plaintiff has yet to hear from the

state about the Tort Claim…

I would ask this Honorable Court to permit me the opportunity to clarify and explain the

above before proceeding with the Amended Complaint…


———————————————


1)      On September 12, 2020 Plaintiff was arrested by Ofc. Staffieri, et al. defendants of the

Monroe Township Police Dept. as well as a Loss Prevention Officer and charged with

Lewdness and Endangering the Welfare contrary to the provisions found in NJSA 2C : 24-4

and 2C: 14-4.  **After being brought to police headquarters Plaintiff was asked if I was on either probation or parole, once the defendants found out that I was on PSL Parole, they contacted parole and a Parole Warrant Hold was issued for my having police contact as well as allegedly having contact with a minor, as per the criminal complaint(s).**

2)      **Thereafter I was transported to the Cumberland County Jail where I stayed until the NJ Dept. of Corrections came to pick me up and transport me to state prison on the instant parole warrant until a Parole Probable Cause Hearing was held…**

3)      **As the result of the pandemic Plaintiff did not have his parole probable cause hearing until over a year later. Plaintiff finally had his Parole Probable Cause Hearing on Oct. 19, 2021, where  the parole panel [1] found that I had violated the conditions of my parole by having contact with a minor. Despite having the indictment dismissed by the Superior Court on Oct. 12, 2021 [2] , finding that there was no Probable Cause to sustain and continue with the indictment.**

4)      **Plaintiff still sat confined for an additional 3 months on the parole hold as if already had been found guilty at a Parole Revocation Hearing that had yet to be held and decided.  It is noteworthy to mention that 16 months would have been the maximum amount of time that parole could have imposed on the plaintiff if he was in fact found guilty at a Parole Revocation Hearing, which has yet to be conducted by parole…**

―――――――――――――――――

## **CHRONOLOGICAL SEQUENCE OF EVENTS**

---

[1] See copy of Parole Probable Cause Hearing decision, PA1
[2] See copy of Court Order dismissing Indictment, PA2

4)      On September 12, 2020 Plaintiff was shopping at a Walmart dept. store in the township of

Monroe New Jersey when he was approached by Officer Staffieri and several other above

mentioned defendant officers and was told to put my hands behind my back. I asked why I

was  being arrested and was told for lewdness and endangering the welfare of a minor for

exposing myself in the store.

5)      I was then informed that the store's Loss Prevention Officer Louis Dematteo called and

said that he had observed me (according to the police discovery) exposing myself to other

customers in the store, and that (according to the defendant's "sworn affidavit" in support of

the arrest warrant)  had observed me do the same while in the store's Loss Prevention Office

watching the surveillance video monitor.  I was thereafter removed from the store and

transported to Monroe Twsp. Police Dept. for processing and questioning.

6)      Upon arriving at the police dept. I was handcuffed to a bench and processed for the

arrest until Detective Darcangelo arrived to question me about the incident. Det. Darcangelo is

I believe Monroe Twsps.  Dept's Megan's Law Officer. Once Det. Darcangelo arrived I was

escorted into the interrogation room and asked numerous questions about the incident that

took place at Walmart.

7)      I was asked if I had a criminal record and if I had ever been charged with a sex offense ?

 I responded yes I do and I have,  as well as being on Megans Law / Parole.  At that point in

time Det. Darcangelo left the room for several minutes and returned holding a copy of a black

and white still photo. He informed me that the still photo was taken from the store's

surveillance video,[3] he then placed the photo on the table and told me to look at the still photo and to tell him what I saw. I looked at the photo and said I didn't see anything. Det. Darcangelo then told me to take a closer look around the crotch area, I asked what am I looking for ? He asked you don't see your penis exposed ? I replied, I do not, what I do see is something that looks to be a penciled in penis drawn around the crotch area, but no penis. I asked since you indicated this still photo was taken from the store's video surveillance why don't we both sit down and watch the video together that way we'll be able to see if in fact any of my genitalia was actually exposed.

8)      Det. Darcangelo did not respond to my request, instead he continued questioning me, asking if it's possible that my penis was exposed without realizing it ?  I told him no it wasn't possible. Despite my asserting that there was no exposure of my genitalia in the store Det. Darcangelo insisted that I was guilty of the offense of exposing myself because the store's Loss Prevention Officer had stated that he witnessed you exposing yourself.  I informed the detective that what the Loss Prevention Officer may have seen was me pushing my pants waistband off and away from a burn injury I had on my stomach.  I then stood up and showed the detective my burn injury [4],  where he himself stated that there was something there that looked like a rash. He then asked me to talk about my prior record, I told him I didn't feel comfortable talking about my past. I again asked about watching the store video together with him, and at that point I was escorted out of the room and back outside where I was again handcuffed to a bench and met with threats and verbal abuse by the defendants until they finished processing me, and was transported to Salem County Jail to await my Pretrial Release Hearing  pursuant to R. 3:26-2 .

_____

[3] Copy of still photo enclosed, PA-3
[4] Copy enclosed medical documentation of injury, PA-4 a-c

9)    At the time of Plaintiff's Pretrial Hearing his court appointed attorney for some reason did not have the store surveillance video due to the video being left out of the state's discovery. Plaintiff was not aware of this fact until it was brought to his attention by the Honorable Marybeth Kramer, JSC. and only after the Court had the opportunity to view the video herself that  was brought to the Court's attention by a Motion to Release and Dismiss filed by Plaintiffs now court appointed attorney Kevin Mitchell. [5]  Quoting the Judge's comments to the prosecutor at the Motion Hearing;  "where was this video at the time of defendant's Pretrial Release Hearing last year, and where is the exposure mentioned in the complaint of the defendant's penis in the video ? "

10)    Plaintiff has requested the transcripts of the Grand Jury Indictment procedure as well as the Pretrial Detention Hearing transcripts in question as to why the prosecutor withhold this exculpatory video evidence from the Grand Jury, when clearly it would have prevented plaintiff from having to spend the next 16 months of his life incarcerated...

---

11)    Plaintiff, David Hohsfield Pro-se pending, with an address of 1208 Washington Ave., Asbury Park, New Jersey 07712, by way of Complaint against Defendants, Monroe Township, Monroe Township Police Dept., Officer Craig Staffieri, Officer Nicholas Marchisello, Detective Darcangelo, Sgt. Michael Gabbianelli, Walmart Loss Prevention Officer Louis Dematteo, John Doe's 1-5 and Jane Roe's 1-5, all in their Personal as well as their Professional Capacities says:

---

[5] Copy enclosed of Motion and Order, PA-5

## NATURE OF THE ACTIONS AND FACTUAL BACKROUND

12)      This is a Civil Action brought pursuant to 42 USC 1983, and pendant State claims seeking

Compensatory and Punitive damages against defendants for their actions acting under Color

of state and federal laws, that violated Plaintiffs Federal and State Civil Rights under the 4th

Amendment, the 8th Amendment, and 14th Amendment, and various state law tort claims.

13)      Plaintiffs' complaints against the defendants are for the deprivation of his

Constitutional rights for False Arrest, False Imprisonment, Malicious Prosecution, Intentional

Infliction of Emotional Distress, and Violation of Civil Rights under 42 USC Section 1983 and

42 USC 1985…

### Count 1 : Monroe Township

14)      Plaintiff asserts that defendant Monroe Township, et al. violated his 4th, 8th and 14th

State and Federal Civil Rights by permitting the named defendant officers in this complaint

to prosecute the Plaintiff for a crime that he did not commit, and under the color of law,

specifically ;  by their failing to properly train the defendants regarding Probable Cause and

the perjured submission of a Sworn Affidavit by defendant Staffieri in support for the

issuance of an arrest warrant… Monroe Township needs to be held accountable for the

defendants actions by failing to comply with their  police departments "Policies and

Procedures" as well as the consequences of defendant(s) committing perjury on an affidavit

in support for the issuance of an arrest warrant for Plaintiff just because he happens to be a

registered sex offender.

15)      In Plaintiff's case,  as the result of Monroe Twsp. failing to properly train their

defendant employee's Plaintiff was unjustly arrested and charged with lewdness and

endangering the welfare of a minor, thereafter prosecuted and incarcerated without the

Probable Cause to do so. Plaintiff refers to defendant Staffieri's perjured statement that he

gave in his affidavit in support and PLEIR for the issuance of an arrest warrant for Plaintiff.

In the defendant's sworn affidavit he swears that he and another defendant officer were in

the stores Loss Prevention Office with the stores Loss Prevention Officer had witnessed the

Plaintiff expose himself in the store. However when the store's video surveillance discovery

was finally made available and viewed by Plaintiffs attorney and the Court it was only then

discovered that there was no exposure by the Plaintiff whatsoever.


## Count 2 : Monroe Twsp. Police Dept.


16)      Defendant  Monroe Township Police Dept. had violated Plaintiffs 4th, 8th, and 14th

State and Federal Amend. rights by causing or commencing or aiding in a criminal

proceeding against him; the defendants acted under color of law and without probable cause

as evidenced by the criminal complaint and indictment against him which was terminated in

Plaintiffs favor, plaintiff was innocent of the charges, and the defendants acted with malice

by prosecuting him for the charges [and] he was damaged by the criminal proceedings by

having to spend 16 months incarcerated.

17)      Defendant Monroe Twsp. Police Dept. failed to follow their own departments

``policies and procedures' ' regarding the Probable Cause needed for the issuance of an

arrest warrant. Defendant Staffieri committed perjury when he swore on his Affidavit of

Probable Cause that he and another defendant witnessed the Plaintiff expose himself in the store on the video surveillance monitor. [6] The store's video contradicts his sworn affidavit which begs the question of how could the defendant swear that he and other defendants witnessed the Plaintiff expose himself when the video clearly shows he did not ? (see copy of Affidavit enclosed) There were no other witnesses of the incident, no other complaints brought to the attention of the Loss Prevention Security, and no other phone calls made to the police by shoppers besides the one made by the store's Loss Prevention Officer... Regardless, Plaintiff was still arrested and charged with the offenses based upon his past criminal record as well as being on Megan's Law registry.  This was nothing short of " if the shoe fits..."

## Count 3 : Officer Craig Staffieri and Officer Marchisello

18)      Officer Craig Staffieri, and Officer Marchisello violated Plaintiffs State as well as his Federal Constitutional 4th, 8th and 14th Amendments by causing or commencing or aiding in a criminal proceeding against him; the defendants acted under color of law and without probable cause as evidenced by the criminal complaint and indictment against him which was terminated by the Court in Plaintiffs favor, plaintiff was and is innocent of the charges, and the defendants acted with malice by prosecuting him for the charges [and] he was damaged by the criminal proceedings by having to spend 16 months incarcerated, the loss of his job, and loss of his housing. Plaintiff asserts that both of these defendants conspired with each other to prosecute the Plaintiff without the Probable Cause needed for the issuance of an arrest

---

[6] See Affidavit of Probable Cause and PLEIR, PA-6

warrant. This is evidenced by the Affidavit of Probable Cause and the Preliminary Law Enforcement Incident Report or PLEIR[7], where in the Affidavit of Probable Cause defendant Sraffieri swears under oath the following:  " I observed the incident occur on Walmart surveillance camera system ", as well as on the PLEIR where the defendant further certifies under oath that " he and other law enforcement officer(s) personally observed the offense ", badge number 7115, which is defendant Marchisello's assigned badge number... It is noteworthy to mention that defendant Staffieri was the officer who transported Plaintiff to the Salem County Jail after being processed where during the trip Plaintiff asked the defendant if he was being honest with all this ? Staffieri replied that he was and that he had seen me expose myself on the store's video surveillance monitor stating "I've also seen your criminal record and you're guilty and you know you did it".

## Count  4 : Detective Darcangelo

19)      Defendant Darcangelo, violated Plaintiffs State as well as Federal Constitutional 4th, 8th and 14th Amendments by causing or commencing or aiding in a criminal proceeding against him; the defendants acted under color of law and without probable cause as evidenced by the criminal complaint and indictment against him which was terminated by the Court in Plaintiffs favor, plaintiff was and is innocent of the charges, and the defendants acted with malice by prosecuting him for the charges [and] he was damaged by the criminal

---

[7] See copies of PA-6 a-b

proceedings by having to spend 16 months incarcerated, the loss of his job, and loss of his housing.

This defendant is the officer in charge of the Megan's Law unit at the Monroe Township Police Dept.  This defendant was called into the police dept. as the result of Plaintiffs arrest and the type of complaints lodged against Plaintiff.  Plaintiff asserts that this defendant conspired along with the other named defendants to charge and prosecute him for crimes he did not commit. While handcuffed to a bench waiting to be processed at Monroe Township Police Dept. Defendant Darcangelo arrived and was briefed by other defendants as to Plaintiff's situation before escorting me to the interrogation room.

20)     While in the room Darcangelo asked me to start talking about what happened at Walmart, stating that everybody makes mistakes and that the easiest thing to do was just admit my mistake and move on. I replied I did not commit any offense and that I wanted to see the video that the other defendants were relying upon for the Probable Cause to arrest and prosecute me. At that point in time he left the room for approximately 10 minutes and came back with a "still photo" taken from the video surveillance with what appeared to be a photo with a penciled in penis on my crotch area. (Copy enclosed)  He then placed the still photo on the table and told me to look at the photo and to tell him what I saw. I did what he asked and told him that I saw a photo of me with a penciled in penis, that is what I saw... He then asked me if it was possible that I had my penis out without  knowing that it was exposed ? I said it was not possible and asked again to see the store's video of the incident since he had a still taken from the video. I assumed that the defendants had a copy of the video in their possession. At that point in time I was then escorted out of the room back to the bench and handcuffed again until I was transported to the Salem County Jail...

## Count  5 : Sergeant Michael Gabbinelli

**21)**     Plaintiff asserts that defendant Sergeant Michael Gabbinelli, violated Plaintiffs State as

well as Federal Constitutional 4th, 8th and 14th Amendments by causing or commencing or

aiding in a criminal proceeding against him; the defendants acted under color of law and

without probable cause as evidenced by the criminal complaint and indictment against him

which was terminated by the Court in Plaintiffs favor, plaintiff was and is innocent of the

charges, and the defendants acted with malice by prosecuting him for the charges [and] he

was damaged by the criminal proceedings by having to spend 16 months incarcerated, the

loss of his job, and loss of his housing. Defendant Gabbinelli was the supervising Sergeant

 on duty and on location at Walmart, this defendant supervised the investigation and Plaintiffs

arrest for allegedly committing the crimes he was charged with. This defendant conspired with

the other defendants to arrest, charge and prosecute Plaintiff with crimes he did not commit

as evidenced by the store's surveillance video. This defendant was also inside the stores Loss

Prevention Office along with other defendants watching the Plaintiff on the video monitor

commit the crimes he was charged with without the probable cause needed to do so. This

defendant is responsible under Supervisor Liability.

## Count 6 : Loss Prevention Officer Louis Dematteo

22)        Walmart Loss Prevention Officer Louis Dematteo violated Plaintiffs 4th, 8th, and 14th State as well as Federal Constitutional Rights by causing or commencing, conspiring, or aiding in a criminal proceeding against him; the defendants acted under color of law and without probable cause as evidenced by the criminal complaint and indictment against him which was terminated by the Court in Plaintiffs favor, plaintiff was and is innocent of the charges, and the defendants acted with malice by prosecuting him for the charges [and] he was damaged by the criminal proceedings by having to spend 16 months incarcerated, the loss of his job, and loss of his housing.

23)     This defendant was responsible for initiating the criminal complaint against the Plaintiff which led to his being arrested by contacting the Monroe Twsp. Police and reporting that Plaintiff was in the store exposing himself to shoppers when in fact he was not, this fact was evidenced by observing the Plaintiff shopping in the store for over 45 minutes on the store's video surveillance system.  Despite the video clearly showing that Plaintiff had not exposed himself in the store, this defendant conspired with the other defendants to have Plaintiff arrested and prosecuted for crimes he did not commit.  Walmart Loss Prevention Officer Louis Dematteo chose to conspire and collaborate with the other defendant officers to provide false information and statements to the police against the Plaintiff, thus assisting and acting as an agent for the Monroe Twsp. police dept. in a prearranged plan to have the plaintiff arrested and prosecuted for a crime he did not commit.  Interestingly enough there was no independent investigation of the facts with regards to this incident, just an arrest and the prosecution of Plaintiff.


## Count 7 : Walmart Corp. Inc.

24)     Defendant Walmart Inc. violated Plaintiffs 4th, 8th, and 14th State as well as Federal Constitutional Rights by causing, commencing, conspiring, or aiding in a criminal proceeding against him; the defendants acted under color of law and without probable cause as evidenced by the criminal complaint and indictment against him which was terminated by the Court in Plaintiffs favor, plaintiff was and is innocent of the charges, and the defendant(s) acted with malice by prosecuting him for the charges [and] he was damaged by the criminal proceedings by having to spend 16 months incarcerated, the loss of his job, and loss of his housing.  Wal-Mart has an established policy which provides that (1) Wal-Mart employees should treat a suspect with courtesy, (2) employees should let suspects go when in doubt or when unable to prove an alleged offense , and (3) store managers should check with the regional supervisor before prosecuting doubtful cases.  None of this was done...In fact this defendant failed to follow Walmarts policies and procedures with regards to this type of situation. His original statement to police was that Plaintiff only looked suspicious and that it appeared to him that he was following families around the store exposing himself. When in fact all the loss prevention officer was watching was the plaintiff do nothing but shop, there was no exposure of Plaintiffs genitalia whatsoever. This was evidenced by the store's own video surveillance system that this defendant claims to have been watching the Plaintiff expose himself to other shoppers on.


25)     Plaintiff asserts that Wal-Mart and their Loss Prevention Officer had pursued prosecution after speaking to the other defendants without probable cause to do so That the intentional and outrageous conduct of Walmart and their Loss Prevention Officer caused the

Plaintiff to suffer severe emotional distress, and that the conduct was willful, wanton, and malicious just because Plaintiff happened to be a registered sex offender and shopping in Walmart on a busy saturday afternoon.

## Count 8 : John and Jane Doe's 1-10

26)    Defendant(s) John/Jane Does, 1-10 are unknown defendants to Plaintiff at this time in this complaint.  Plaintiff reasserts the claims and arguments found in all of the above counts, under the 4th, 8th, and 14th State and Federal Constitutional Rights against John/Jane Does 1-10. Until full discovery is received from defendants Plaintiff will not be able to put names to these defendants.

## RELIEF REQUESTED

27)        Plaintiff seeks Compensatory Damages against all defendants in the amount of One Million Dollars for the loss of his employment, housing, and loss of personal property arising from his arrest, prosecution, and incarceration for nothing more than being a registered sex offender. And any other relief the Court deems fair.

28)        Plaintiff seeks Punitive Damages against all defendants in the amount of Five Million Dollars for their perjured allegations to conspire against Plaintiff for being a registered

sex offender and to arrest, prosecute, and incarcerate him for offenses he did not commit. And any other relief the Court deems fair.


29)            Plaintiff requests a jury trial.  Plaintiff declares under penalty of perjury that the foregoing is true and correct.

<u>Signed this 10 day of March, 2022</u>.

<u>David Hohsfield / Pro-se Pending</u>

# PROBABLE CAUSE HEARING

**Name:** David Hohsfield          **SBI#:** 567841A          **Location:** SWSP

Be advised that on October 27, 2021 the New Jersey State Parole Board – Board panel reviewed the attached summary prepared as a result of the preliminary hearing conducted on October 19, 2021 and concurs with the findings of fact by Hearing Officer Shawn Murphy. The Board panel finds that you have been charged with violating the following condition(s) of your parole supervision for life:

PSL Condition #B1: Refrain from initiating, establishing, or maintaining contact with any minor.
PSL Condition #B2: Refrain from attempting to initiate, establish, or maintain contact with any minor.

The Board panel finds that your commission of the above-noted violation(s) is serious and that revocation is desirable. Accordingly, the Board panel has rendered the following determination:

PROBABLE CAUSE EXISTS THAT THE VIOLATION(S) ARE SERIOUS AS TO WARRANT REVOCATION AT THIS TIME. YOU ARE TO REMAIN IN CUSTODY PENDING A REVOCATION HEARING.

As an additional special condition of parole/mandatory supervision/parole supervision for life, prior to the effectuation of this decision, you are required to comply with all rules and regulations of your institutional housing location. Failure to do so may result in the initiation of revocation proceedings.

**ROBERT RICCARDELLA**          **AL DELVENTO**
**Board Member**               **Board Member**

**Date of Warrant:** September 12, 2020
**Date of Custody:** September 12, 2020

RECEIVED

MAR 1 6 2022

AT 8:30_____M
WILLIAM T. WALSH
CLERK

PA-1

GLO-20-001784   10/12/2021   Pg 1 of 1   Trans ID: CRM20211037639

| | | |
|---|---|---|
| STATE OF NEW JERSEY | : | SUPERIOR COURT OF NEW JERSEY |
| | : | COUNTY OF GLOUCESTER |
| v. | : | LAW DIVISION - CRIMINAL PART |
| | : | |
| | : | |
| David F. Hohsfield | : | CASE NO. 21-06-00480-I |
| | : | |
| Defendant(s). | : | CRIMINAL ACTION |
| | : | |
| | : | ORDER |

**WHEREAS,** upon the application of the **defendant / State / Court,** by
Elizabeth Tornese        this matter having been brought before the Court, and for good cause
shown:

IT IS, on this   12th   day of   October            , 2021, ORDERED as follows:

Indictment 21-06-00480-I is hereby dismissed as to this defendant only.

_____

_____

_____

_____

_____

_____

_____

                                        *Mary Beth Kramer*
                                        _____
                                        **Marybeth Kramer, JSC**

Elizabeth Tornese
**Prosecutor**

Kevin J. Mitchell
**Defense Attorney**

**Page _____ of _____**

PA-2

GGPO/2000178400000026

20-25657

PA-3

7107- Picture used during interview



02/22/2021   13:08                                    (FAX)                        P.008/017
CoreEMR | v5.3.0                                                          Page 1 of 1

## Patient Note

## DAVID F HOHSFIELD

Author: LPN Carey LPN, Teresa                                    Highlight Note?:
                                                                 No
Date: 09-14-2020 1710
Access: This note is for Medical Staff only.                     Related
Note: I/m has minor burn on lower abdomen from work related incident. Pain 4 out of 10. Cleaned with NSS. Applied   Problems
Silvadine cream. Will continue to monitor.                       (none)

PA-4

South Woods State Prison-Facility One
Bridgeton, NJ
Fax:

December 23, 2020
Page 1
Internal Other

**DAVID HOHSFIELD**
Male DOB:04/11/1956 Booking #:632960 SBI:000567841A
Ins: NJDOCIC (NJDOCIP)

**10/06/2020 - Internal Other: Sick Call Triage#2**
**Provider: Barbara A. Hawk, RN**
**Location of Care: Central Reception & Assignment Facility**

Sick Call Triage

## Sick Call Triage

**Inmate/Patient Complaint** 2nd slip about the burn to abd when he arrived weeks ago - i/m wants bacitracin cream
**Type of Sick Call:** Clinical
**Urgency:** Routine
**Plan:** Schedule for Nurse S/C
**Response Sent to Inmate/Patient via Institutional Mail:** No (e.g. scheduled to be seen w/in 24 hrs/next business day)

**Electronically Signed by Barbara A. Hawk, RN on 10/06/2020 at 9:54 PM**

**South Woods State Prison-Facility One**
Bridgeton, NJ
Fax:

*December 23, 2020*
Page 2
Office Visit

**DAVID HOHSFIELD**
Male DOB:04/11/1956 Booking #:632960 SBI:000567841A
Ins: NJDOCIC (NJDOCIP)

**Cardiovascular:** Denies chest pains, palpitations, syncope, dyspnea on exertion, orthopnea, PND, peripheral edema.
**Respiratory:** Denies cough, dyspnea, excessive sputum, hemoptysis, wheezing.
**Skin:** Denies rash, itching, dryness, suspicious lesions.

## Nurse Physical Exam

## General
**Comments:** Inmate requesting for bacitriicin for post abdominal burn. dry healing. He is also requesting for eyeglasses. will refer him to optometrist for further evaluation.

**Does the patient understand the treatment plan?** Yes
**Does the patient agree with treatment plan?** Yes

## Nursing Assessment

*PA-4a*

## Comfort
**Diagnosis:** actual
**Related to:** eyeglasses, requesting for bacitricin for post abdominal burn

PA-4b

## MEDICATION SHEET & ADMINISTRATION RECORD

| | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

FACILITY NAME • MONTH / YEAR

09/12/2020 HOHSFIELD, DAVID  #150526175
CLONIDINE 0.1MG TAB  END: 10/12/2020
TAKE 1 TABLET ORALLY PRN SYSTOLIC BLOOD PRESSURE 150MM HG TO 170MM HG AND OR DIASTOLIC BLOOD PRESSURE 90MM HG TO 100MM HG /
J. AMRIEN, MD  0582  PRFL WRITTEN INITIALS ____

09/12/2020 HOHSFIELD, DAVID  #150526175
CLONIDINE 0.2MG TAB  END: 10/12/2020
TAKE 1 TABLET ORALLY PRN SYSTOLIC BLOOD PRESSURE 171MM HG TO 180MM HG AND OR DIASTOLIC BLOOD PRESSURE 101MM HG TO 110MM HG /
J. AMRIEN, MD  0582  PRFL WRITTEN INITIALS ____

09/12/2020 HOHSFIELD, DAVID  #150526175
CLONIDINE 0.3MG TAB  END: 10/12/2020
TAKE 1 TABLET ORALLY PRN SYSTOLIC BLOOD PRESSURE > 180MM HG AND OR DIASTOLIC BLOOD PRESSURE > 110MM HG /
J. AMRIEN, MD  0582  PRFL WRITTEN INITIALS ____

09/15/2020 HOHSFIELD, DAVID  #150526175
SSD (85GM) 1% CRM  END: 09/20/2020
APPLY 1 TOPICALLY TWO TIMES A DAY AS NEEDED /
J. AMRIEN, MD  6915  WRITTEN INITIALS ____

ALLERGIES: NKA
DIAGNOSES:
PATIENT NAME: Hohsfield David  ID: DOB 4-11-1956  LOC. NO.
PHYSICIAN'S NAME: Amrien

DOCUMENTATION CODES = DC - Discontinued Order  DO - Dose Omitted  H - Medical Hold  R - Refused  C - Court  LD - Lock Down  S - Self Administered  NS - No Show  O - Other

02/22/2021   13:09

# Health Assessment

**DAVID F HOHSFIELD**
**#2020-2116**

JMS ID: 59792   Interviewer: Seibert, Barbara
DOB: 04/11/1956

PA-4-C

| Medical Department - Initial Intake Screen | ◉ Intake Screen Placed / Screening Documents Placed | |
|---|---|---|
| Orientation: | ☑ Person ☑ Place ☑ Time | |
| Incooperative or aggressive behavior | ○ Yes ◉ No ○ Refused | |
| **Medical Questions:** | | |
| Currently Sick/Hurt/Injured/In pain? | ◉ Yes ○ No ○ Refused | burns on lowers and and |
| Do you have a current disease or condition requiring medical treatment? | ◉ Yes ○ No ○ Refused | HTN |
| Are you physically / mentally able to work? | ○ Yes ◉ No ○ Refused | |
| Allergies to Food or Drugs? | ○ Yes ◉ No ○ Refused | |
| Currently taking any type of medication? | ○ Yes ◉ No ○ Refused | |
| Family Doctor | | |
| Contact | | |
| Pharmacy | | |
| Contact | | |
| Do you wear dentures or a partial plate? | ○ Yes ◉ No | |
| Dentist | | |
| Contact | | |
| Surgery/Recent Hospitalizations/Treatments: | denies | |
| Have you had a tetanus shot in the last 5 years? | ○ Yes ○ No ○ Refused | |
| **Mental/Substance Abuse** | | |
| Current Suicidal Ideations? | ○ Yes ◉ No ○ Refused | |
| Have you ever attempted suicide? | ○ Yes ◉ No | |

Kevin J. Mitchell, Esquire (007442004)
Office of the Public Defender
Eastwood Professional Building
65 Newton Avenue
Woodbury, New Jersey 08096
Phone: (856) 853-4188

| | |
|---|---|
| STATE OF NEW JERSEY<br><br>v.<br><br>DAVID HOHSFIELD | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION – CRIMINAL PART<br><br>INDICTMENT NO. 21-06-00480-I<br>COMPLAINT NO. W-2020-000599-0811<br>PROMIS NO. 20-1784<br><br>**NOTICE OF MOTION TO<br>REOPEN PRETRIAL DETENTION** |

**TO:    PROSECUTOR
        GLOUCESTER COUNTY**

**PLEASE TAKE NOTICE** that on that on a date to be set by the court, the undersigned, Kevin J, Mitchell, attorney for Defendant, Robert Madden, shall move before the Superior Court of New Jersey, Law Division, Gloucester County, Criminal Justice Complex, Woodbury, New Jersey, to reopen the matter of Defendant's detention hearing and obtain the pretrial release of Defendant, pursuant to Court Rule 3:26-2.

Dated: 09/08/21                        Office of the Public Defender
                                       Attorney for Defendant

                                       By: *Kevin J. Mitchell*
                                           Kevin J. Mitchell
                                           Assistant Deputy Public Defender

PA-5

Kevin J. Mitchell, Esquire (007442004)
Office of the Public Defender
Eastwood Professional Building
65 Newton Avenue
Woodbury, New Jersey 08096
Phone: (856) 853-4188

| | |
|---|---|
| STATE OF NEW JERSEY<br><br>v.<br><br>DAVID HOHSFIELD | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION – CRIMINAL PART<br><br>INDICTMENT NO. 21-06-00480-I<br>COMPLAINT NO. W-2020-000599-0811<br>PROMIS NO. 20-1784<br><br>**CERTIFICATION** |

TO:   **PROSECUTOR**
      **GLOUCESTER COUNTY**

I, Kevin J. Mitchell, being of full age, hereby certify the following:

1.    I am an Assistant Deputy Public Defender assigned to the Gloucester Region of
the Public Defender's Office.

2.    Defendant is charged with one count of third-degree Endangering the Welfare of a
Child under 2C:24-4A(1) and one count of fourth-degree Lewdness under 2C:14-
4B(1).

3.    The charges are premised upon unsubstantiated allegations that the defendant
exposed his "intimate parts" to a child while in the Walmart located at 1840 S.
Black Horse Pike in Williamstown, New Jersey, on September 12, 2020. . The
defendant has been detained since his arrest on that date.

4.    Completely independent of his pretrial detention on the instant charges, the
defendant has been held on a parole violation since shortly after they were filed.
As the court is aware, an individual on parole who is simply charged with a crime
may be returned to prison for a parole violation regardless of his or her guilt or
innocence.

5.    Following his arrest, the defendant was briefly held at the Salem County Jail until
he was transferred to South Woods State Prison. He will remain in prison until

January 11, 2022, at which time he will be sent back to the Salem County Jail.

6.  The foundation of the state's case is the unsubstantiated claim that the defendant exposed himself to a child.

7.  The state has provided the defense with surveillance video that purports to show the defendant commit the act for which he has been detained.

8.  Despite the state's assertion otherwise, the surveillance video in question *does not show* the defendant expose his genitals.

9.  The exculpatory surveillance video in question was not available to the court at the time of his detention hearing.

10.  Given the material change of circumstances and the absence of any probable cause to believe that the defendant committed an offense, it would be appropriate for this court to release the defendant on the instant charges.

I hereby certify that the foregoing statements made by me are true. I realize that if any of them are willfully false I am subject to punishment.

Dated: September 8, 2021                Office of the Public Defender
                                        Attorney for Defendant

                                        By: *Kevin J. Mitchell*
                                        Kevin J. Mitchell
                                        Assistant Deputy Public Defender

PREPARED BY COURT

State of New Jersey,

v.

David F Hohsfield,
                    Defendant.



SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: CRIMINAL PART
GLOUCESTER COUNTY

Complaint #: W-2020-000599-0811
Indictment #: 21-09-00709-S

Criminal Action

PRETRIAL RELEASE ORDER

## FINDINGS FOR PRETRIAL RELEASE:

THE COURT FINDS that releasing the defendant on personal recognizance or on an execution of an unsecured appearance bond is insufficient to reasonably assure the defendant's appearance in court when required, the protection of the safety of any other person or the community and that the defendant will not obstruct or attempt to obstruct the criminal justice process, and therefore is **ORDERING THE DEFENDANT RELEASED SUBJECT TO NON-MONETARY CONDITIONS.**

## REASONS FOR DEPARTURE FROM PRETRIAL SERVICES RECOMMENDATION:

THE COURT FINDS that a departure from the recommendation is appropriate after considering the following information:

other relevant circumstances or evidence presented

**FURTHER,** reopen motion granted and the defendant is released to level 3 reporting. The defendant is currently being held in a NJ State Prison, with a release date of 01/11/2022 and he will need to report to PTS once released.

## Affidavit of Probable Cause

| COMPLAINT NUMBER | | | | THE STATE OF NEW JERSEY |
|---|---|---|---|---|

| 0811 | W | 2020 | 000599 |
|---|---|---|---|
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

**THE STATE OF NEW JERSEY**
**VS.**
**DAVID F HOHSFIELD**

MONROE TOWNSHIP M.C.
125 VIRGINIA AVE.
WILLIAMSTOWN          NJ  08094-0000
856-728-9800   COUNTY OF: GLOUCESTER

ADDRESS:
   12 WEST HIGH ST

CLAYTON                    NJ  08312-0000

| # of CHARGES<br>2 | CO-DEFTS | POLICE CASE #:<br>2020025687 |
|---|---|---|

DEFENDANT INFORMATION
SEX: M  EYE COLOR: HAZEL       DOB: 04/11/1956

COMPLAINANT  CRAIG      STAFFIERI
NAME:       125 VIRGINIA AVENUE
            ATTN WARRANTS
            WILLIAMSTOWN      NJ   08094

DRIVER'S LIC. #: H61791566604565         DL STATE: NJ
SOCIAL SECURITY #: xxx-xx-x175   SBI #: 567841A
TELEPHONE #:                ( )
LIVESCAN PCN #: 081101012949

Purpose: This Affidavit/Certification is to more fully describe the facts of the alleged offense so that a judge or authorized judicial officer may determine probable cause.

1. Description of relevant facts and circumstances which support probable cause that (1) the offense(s) was committed and (2) the defendant is the one who committed it:

The Defendant was observed by this officer on Walmart (1840 S. Black Horse Pike) surveillance cameras exposing his genital area (Penis) to the juvenile victim.

PA-6

GCPO/20001784/00000038

Affidavit of Probable Cause

Page 8 of 10                              1/1/2017

# Affidavit of Probable Cause

| COMPLAINT NUMBER | | | | THE STATE OF NEW JERSEY |
|---|---|---|---|---|
| **0811** | **W** | **2020** | **000599** | *VS.* |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | DAVID F HOHSFIELD |

2. I am aware of the facts above because: (Included, but not limited to: your observations, statements of eyewitnesses, defendant's admission, etc.)

I observed the incident occur on Walmart surveillance camera system.

3. If victim was injured, provide the extent of the injury:

No injuries reported nor did I observed any.

PA-6a

Certification:
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: CRAIG  STAFFIERI LAW ENFORCEMENT OFFICER          Date:          09/12/2020

GCPO/20001784/0000039

# Preliminary Law Enforcement Incident Report

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| 0811 | W | 2020 | 000599 |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY*
*VS.*
**DAVID F HOHSFIELD**

MONROE TOWNSHIP M.C.
125 VIRGINIA AVE.
WILLIAMSTOWN            NJ  08094-0000
856-728-9800  COUNTY OF: GLOUCESTER

ADDRESS:
    12 WEST HIGH ST

CLAYTON                 NJ  08312-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 2 | | 2020025687 |

DEFENDANT INFORMATION
SEX: M  EYE COLOR: HAZEL        DOB: 04/11/1956
DRIVER'S LIC. #: H61791566604565              DL STATE: NJ
SOCIAL SECURITY #: xxx-xx-x175   SBI #: 567841A
TELEPHONE #:                 ( )
LIVESCAN PCN #: 081101012949

COMPLAINANT
NAME:  CRAIG  STAFFIERI
       125 VIRGINIA AVENUE
       ATTN WARRANTS
       WILLIAMSTOWN       NJ  08094

**Purpose:** The Preliminary Law Enforcement Incident Report (PLEIR) is intended to document basic information known to the officer at the time of its preparation. It is recognized that additional relevant information will emerge as an investigation continues. The PLEIR shall be in addition to, not in lieu of, any regular police arrest, incident, or investigation reports. Note that the PLEIR is specific to each defendant charged in an investigation.

-The complaining officer personally observed the offense.

-Another law enforcement officer(s) personally observed the offense. List the officer(s) and their badge# 7795. *Nickolas Marchisello*

-The offense/incident was recorded using electronic/surveillance via:
•Dash Camera/MVR/DIVR
•Surveillance Camera  *Body Cam Footage*

-Child(ren) were present at the time of the offense and:
•Child(ren) were the victim
•Child(ren) were placed at risk by the offense

-The police received relevant information via radio from a 911 dispatcher (or similar).

PA-6-b

**Certification:**
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.
Signed:  CRAIG   STAFFIERI LAW ENFORCEMENT OFFICER     Date:  09/12/2020

GCPO/20001784/00000040



David Hohsfield
1208 Washington Ave
Asbury Park NJ
07712

MAR 16 2022
AT 8:30
WILLIAM T. WALSH
CLERK ___ M