UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID HOHSFIELD,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER CRAIG STAFFIERI, et al.,<br><br>Defendants. | Civil Action No.  21-19295 (FLW)<br><br>MEMORANDUM & ORDER |

Plaintiff David Hohsfield, currently incarcerated at Ocean County Jail, has filed an Amended Complaint, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP application") and dismissed Plaintiff's Complaint at screening.  At this time, the Court screens the Amended Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court also addresses Plaintiff's request for counsel.

Federal law requires the Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has sued Monroe Township Police Officers Craig Staffieri, Nicolas Marchisello, and Michael Gabbianelli (collectively "the Officer Defendants"), Detective Darcangelo, the Township of Monroe/the Monroe Township Police Department, Walmart, Walmart employee Louis DeMatteo, as well as various John & Jane Does in connection with Plaintiff's arrest at Walmart on September 12, 2020, and his subsequent prosecution.  *See* Amended Complaint at Counts 1-8.

1

Plaintiff alleges he was shopping at Walmart when Officer Staffieri approached him and told Plaintiff he was being arrested for exposing himself to a minor in the store. Officer Staffieri arrested Plaintiff for lewdness and endangering the welfare of a minor. Officer Staffieri also informed Plaintiff that DeMatteo, the loss prevention employee, had called police and said he observed Plaintiff exposing himself to customers in the store and that Staffieri had also observed the Plaintiff exposing himself on the store's surveillance video. *See* Am. Compl. at ¶¶ 4-5. Plaintiff alleges that he was arrested based on a "perjured affidavit" by Staffieri, who falsely claimed that he and Marchisello personally viewed Plaintiff exposing himself on the surveillance video. *See id.* at ¶¶ 14-15.

Plaintiff was transported to the Monroe Township Police Department and interrogated by Detective Darcangelo, who is allegedly a "Megan's Law" Officer. Darcangelo questioned Plaintiff about his status as Megan's Law offender, which Plaintiff admitted. Darcangelo also showed Plaintiff a still photo of Plaintiff from the Walmart surveillance video, pointed at the crotch area, and asked Plaintiff what he saw in the photograph. *Id.* at ¶ 8. Plaintiff alleges that the still photo had what appeared to be a penis "penciled in" on the crotch area, and Plaintiff asked Darcangelo to view the actual surveillance video, but Darcangelo did not respond to his request. *Id.*

In response to Detective Darcangelo's continued questioning, Plaintiff denied exposing himself intentionally or accidentally and told Darcangelo that DeMatteo may have seen Plaintiff put his hand inside his waistband because Plaintiff has a burn on his stomach. Plaintiff also showed the burn to Darcangelo. *See id.* Plaintiff was then handcuffed to a bench until he was processed, and "defendants" subjected him to "threats and verbal abuse." *Id.*

Officer Staffieri transported Plaintiff to Salem County Jail and informed Plaintiff he saw Plaintiff expose himself on the surveillance video, that he was aware of Plaintiff's criminal record, and knew Plaintiff committed the crime. *Id.* at ¶ 18.

Plaintiff alleges in the Amended Complaint that the Walmart video surveillance exculpates him and does not show him exposing himself to anyone; however, at the pretrial hearing, Plaintiff's attorney did not have the allegedly exculpatory surveillance video because the state did not provide it in discovery. *Id.* at ¶¶ 9-10. At the motion hearing to dismiss the indictment, the hearing judge asked why the Walmart video surveillance was not produced at Plaintiff's pretrial release hearing. *Id.* The hearing judge dismissed the indictment charging Plaintiff with lewdness and endangering the welfare of a child on or about October 12, 2021.[1] *See id; see also* Plaintiff's exhibits at 19.

Plaintiff contends that Monroe Township and the Monroe Township Police Department are liable under § 1983 for "aiding and abetting" Plaintiff's prosecution, for the Officer Defendants' arrest of Plaintiff without probable cause, for failing to train the Officer Defendants on proper procedures, and because Staffieri lied on the affidavit of probable cause and stated that he and Officer Marchisello saw Plaintiff exposing himself on the surveillance video. *See id.* at ¶¶ 14-17.

Plaintiff has sued Officers Staffieri and Marchisello for false arrest, false imprisonment, and malicious prosecution. *See id.* at Count Three. Plaintiff alleges that Officer Marchisello conspired with Staffieri to arrest and prosecute Plaintiff without probable cause. Plaintiff alleges that Marchisello's badge number is listed on the Affidavit of Probable Cause, which states that Staffieri and Marchisello viewed Plaintiff exposing himself on the surveillance video. *Id.* at ¶ 18.

---

[1] It appears from Plaintiff's submissions that the violation of parole ("VOP) charges proceeded despite the dismissal of the indictment.

Plaintiff also alleges that Detective Darcangelo conspired with Staffieri and Marchisello to charge and prosecute Plaintiff maliciously; Plaintiff alleges that Darcangelo was "briefed" by the Officer Defendants prior to questioning Plaintiff and subsequently showed Plaintiff the still photo with the "penciled in" penis. *See id.* at ¶¶ 19-20.

Plaintiff alleges that Michael Gabbianelli, who supervised the Officer Defendants, was also at Walmart on the date of Plaintiff's arrest and viewed the exculpatory surveillance video. Plaintiff contends that Gabbianelli conspired with the other Officer Defendants to arrest Plaintiff without probable cause and maliciously prosecute Plaintiff. *Id.* at ¶ 21.

Plaintiff also alleges that DeMatteo conspired with the Officer Defendants in a "prearranged plan" by providing false information so they could arrest Plaintiff without probable cause and "initiate" charges against Plaintiff.[2] *See id.* at ¶ 22. Plaintiff further alleges that Walmart (the entity) maliciously prosecuted him and failed to follow its own policies for dealing with suspected criminal conduct in their stores. *Id.* at ¶ 23. Plaintiff further alleges that DeMatteo and Walmart "pursued prosecution" after speaking to the other Defendants because Plaintiff was a registered sex offender, and that this decision was outrageous and intentional and caused him severe emotional distress. *Id.*

Plaintiff also attempts to bring claims against unidentified John and Jane Does 1-10 who maliciously prosecuted him.[3] *Id.* at ¶¶ 24-25.

---

[2] The Amended Complaint suggests that DeMatteo thought Plaintiff was behaving suspiciously but did not see Plaintiff exposing himself to customers.

[3] Civil rights claims may be asserted against fictitious defendants pursuant to New Jersey's fictitious defendant rule, which reads as follows:

> In any action, ... if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious

4

The Court begins with Plaintiff's constitutional claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action to redress violations of federal law committed by state officials. *See* 42 U.S.C. § 1983. Section 1983 is not a source of substantive rights, but merely a method for vindicating those rights otherwise protected by federal law. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under § 1983, plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States...by a person acting under color of state law." *Kneipp*, 95 F.3d at 1204 (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir.1995)).

Plaintiff asserts false arrest and false imprisonment claims against the Officer Defendants, as well as underlying conspiracy claims against the Officer Defendants and DeMatteo. A false arrest claim arises under the Fourth Amendment and requires plaintiff to show that he or she was arrested without probable cause.[4] *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir.1995) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir.1988)). A claim for false

---

name, stating it to be fictitious and adding an appropriate description sufficient for identification.

N.J.R. 4:26–4. The fictitious name designation must have appended to it "an appropriate description sufficient to identify" the defendant. *Id.* (quoting *Rutkowski v. Liberty Mut. Ins. Co.*, 209 N.J. Super. 140, 506 A.2d 1302, 1306–07 (1986)). Here, Plaintiff does not provide sufficient descriptions of John and Jane Does 1-10 so they could be later identified in discovery. The claims against the John and Jane Doe Defendants are therefore dismissed without prejudice.

[4] The Amended Complaint also alleges that his false arrest, false imprisonment, and malicious prosecution violate the Fourteenth and Eighth Amendments. It is well-settled that reliance on the Due Process Clause of the Fourteenth Amendment is inappropriate when the conduct at issue is "governed by a specific constitutional amendment." *Berg v. Cty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000). In the instant action, Plaintiff's false arrest and imprisonment and malicious prosecution plainly arise under the Fourth Amendment. *See, e.g., Berg*, 219 F.3d at 268–69 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842–43 (1998)). The Eighth Amendment's proscription against cruel and unusual punishment "was designed to protect those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977), and is likewise inapplicable to Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution. As such the Fourteenth and Eighth Amendment claims are dismissed without prejudice.

5

imprisonment may be grounded on a "detention pursuant to [an] arrest" made without probable cause. *Groman*, 47 F.3d at 636. A civil rights conspiracy requires a "meeting of the minds," and, to survive screening, a plaintiff must provide some factual basis to support the existence of the elements of a conspiracy, namely, agreement and concerted action.[5] *See Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). Such conspiracies are not limited to persons who act under state law, but also reach private conduct that fits the terms of the statute. *See Griffin v. Breckenridge*, 403 U.S. 88, 96-101 (1971). The Court finds that Plaintiff has provided sufficient facts in the Amended Complaint to suggest the Officer Defendants arrested him without probable cause and that they conspired with DeMatteo to accomplish the false arrest. As such, the false arrest and imprisonment claims shall proceed against Staffieri, Marchisello, and Gabbianelli, and the underlying conspiracy claim shall proceed against Staffieri, Marchisello, Gabbianelli and DeMatteo.

Plaintiff also alleges malicious prosecution and underlying conspiracy claims against the Officer Defendants, Darcangelo, DeMatteo, and Walmart. The elements of a malicious prosecution claim are as follows: (1) defendant commenced a criminal proceeding; (2) the proceeding terminated in plaintiff's favor; (3) defendant "initiated the proceeding without probable cause;" (4) defendant acted maliciously or with a purpose apart from bringing plaintiff to justice; and (5) plaintiff "suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007). The

---

[5] Plaintiff also references a § 1985 conspiracy, but his allegations do not involve a conspiracy to prevent an officer from holding office or performing his duties (Subsection 1), intimidating party, witness, or juror (Subsection 2), or depriving persons of rights or privileges due racial or other class-based discriminatory animus (Subsection 3). As such, the § 1985 conspiracy claims are dismissed without prejudice as to all Defendants.

Court will proceed the malicious prosecution and underlying conspiracy claims against Officers Staffieri, Marchisello, Gabbianelli, and Darcangelo.

The Court dismisses the malicious prosecution and underlying conspiracy claims against Walmart and DeMatteo, which fail because there are insufficient well-pleaded facts showing that DeMatteo and/or Walmart initiated any criminal proceedings against Plaintiff or that DeMatteo and/or that Walmart conspired with any of the other Defendants to bring criminal charges against Plaintiff. Indeed, neither Walmart nor DeMatteo were the alleged victims, and DeMatteo's involvement appears limited to the allegedly false statements he made at the time of Plaintiff's arrest. Moreover, Plaintiff's conclusory allegations that Walmart, a private entity, and DeMatteo, a private individual, prosecuted him or conspired with Defendants to bring the criminal charges against him are insufficient to state a claim for relief because Walmart and/or DeMatteo have no authority to commence a prosecution. As explained by the New Jersey Supreme Court, "[i]n the modern era, it has been the responsibility of the public prosecutor to investigate and prosecute serious crimes, and it has been the role of the victim or concerned citizen to report knowledge of criminal activities to the proper law enforcement authorities." *In re Grand Jury Appearance Request by Loigman*, 183 N.J. 133, 139–40 (2005) *Shim v. Kikkoman Int'l* Corp., 509 F. Supp. 736, 739–40 (D.N.J.), aff'd, 673 F.2d 1304 (3d Cir.1981)). New Jersey "courts have not recognized private prosecutions for serious criminal charges since at least 1901." *See id.* Because the allegations that Walmart and/or DeMatteo prosecuted Plaintiff are conclusory and because these Defendants have no authority to initiate criminal proceedings against Plaintiff, the Court dismisses the malicious prosecution and underlying conspiracy claims with prejudice as to Walmart and DeMatteo.

The Court also dismisses Plaintiff's *Monell* claims against the Township of Monroe, which are premised on respondeat superior and conclusory allegations of failures to train. Municipal liability under § 1983 may not be asserted under a *respondeat superior* theory of liability but must instead be founded on allegations that the government itself supported a violation of constitutional rights.[6] *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Municipal liability exists where execution of the municipality's policy or custom, whether made by lawmakers or decisionmakers whose edicts may fairly represent official policy, inflict the injury. *Id.* at 694.

Under Third Circuit law, when a plaintiff brings a complaint under *Monell* against a municipality, the specific offending custom, policy, or practice must be pleaded in the complaint. *See McTernan v. City of York*, 564 F.3d 636, 638 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy and specify what exactly that custom or policy was.") (citing *Philips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)). In addition, a plaintiff must also allege that the policy or custom was the "proximate cause" of his injuries, *see Estate of Roman v. City of Newark*, 914 F.3d 789, 798 ( 3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996), "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges. *See id.* (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990)). At the pleading stage, this generally requires some facts that tend to show that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions

---

[6] A local police department is not a separate entity subject to suit under Section 1983. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x. 272, 278 (3d Cir. 2004). The Court therefore considers Plaintiff's claims against the Township only and dismisses the § 1983 claims against the Monroe Township Police Department.

against future violations, and that this failure, at least in part, led to the injuries in question. *See id.*

A *Monell* claim may also be premised on a municipality's failure to train, supervise, and discipline. To plead a claim based on failure to train (and/or supervise and/or discipline), a plaintiff "must demonstrate that a city's failure to train its employees 'reflects a deliberate or conscious choice.'" *Estate of Roman,* 914 F.3d at 798-800 (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)). Deliberate indifference is plausibly pled by showing that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights."[7] *Id.* at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

The Township of Monroe cannot be held liable simply because Plaintiff was arrested by the Defendant Officers without probable, as this allegation is based on respondeat superior and insufficient to state a claim for relief under *Monell*. Plaintiff also alleges that the Township failed to train Defendants on arrest "procedures," but this allegation is too conclusory to state a claim for relief. Moreover, there are no facts to suggest that the Township of Monroe would have been on notice from prior similar incidents that more training on proper arrest procedures was needed. For

---

[7] In some instances, "the need for training can be said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Thomas v. Cumberland County*, 749 F.3d 217, 223 (3d Cir. 2014) (citing *City of Canton, Ohio*, 489 U.S. at 390 n. 10). "Liability in single-incident cases depends on '[t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights.'" *Id.* at 223-24 (quoting *Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). There are no allegations to suggest that there was an "obvious" need for more training here.

these reasons, the *Monell* claims against the Township of Monroe are also dismissed without prejudice.

In addition to his federal claims, Plaintiff alleges state law claims of intentional infliction of emotional distress against DeMatteo and Walmart.[8] To make out a common law claim for intentional infliction of emotional distress, a plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe. *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 587 (2009). Under the fourth element, "the distress must be so severe that no reasonable person could be expected to endure it. Severe emotional distress refers to any type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Aly v. Garcia*, 333 N.J. Super. 195, 204 (N.J. Super. App. Div. 2000) (citing *Taylor v. Metzger,* 152 N.J. 490, 515 (1998). Indeed, [i]t is not enough to establish that a party is acutely upset by reason of the incident. In order to be actionable, the claimed emotional distress must be sufficiently substantial to result in physical illness or serious psychological sequelae." *Id.* Here, even assuming that DeMatteo's conduct was extreme and

---

[8] The Court does not construe Plaintiff to assert an IIED tort claim against the Officer Defendants or the Township of Monroe, as Plaintiff alleges intentional infliction of emotional distress only in Count Seven against Walmart and DeMatteo. But even if Plaintiff had sufficiently alleged severe distress, this claim would fail against the Township of Monroe. The New Jersey Tort Claims Act provides for entity liability with respect to acts or omissions of a public employee who was acting within the scope of his employment: "A public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." N.J. Stat. Ann. § 59:2–2(a). Nevertheless, N.J.S.A. § 59:2–10, precludes public entity liability for the acts of a public employee when those acts constitute a crime, actual fraud, or actual malicious or willful misconduct. Here, Plaintiff could not prove that the Officer Defendants committed intentional infliction of emotional distress without also proving that the Township of Monroe is immune from liability for this conduct. *See, e.g., Ward v. Barnes*, 545 F. Supp.2d 400, 420 (D.N.J. 2008) (dismissing claims against municipal defendants where employees were alleged to have committed intentional infliction of emotional distress and battery).

outrageous, Plaintiff has not provided sufficient facts to suggest that DeMatteo caused him severe emotional distress. For instance, he does not provide any symptoms of his distress, his diagnosis, or say whether he sought treatment. As such, the Court dismisses the IIED claim without prejudice for failure to state a claim for relief.[9]

Finally, the Court denies without prejudice Plaintiff's request for counsel subject to renewal at a later date, if appropriate. The threshold determination for appointing counsel is whether the case "has arguable merit in fact and law." *See Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993). In deciding whether to appoint counsel, however, the Court also considers the following factors: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-157.

The *Tabron* factors do not support appointing counsel at this time. Although certain claims have arguable merit, there is no indication that Plaintiff is unable to present his case, that the claims are particularly complex, that significant factual investigation will be required, that the claims will involve credibility determinations, or that there will be a need for expert witnesses.[10] For these reasons, the application for counsel is denied without prejudice. To the extent Plaintiff can make

---

[9] The Court need not determine whether Walmart could be held liable for DeMatteo's misconduct under a theory of respondeat superior because Plaintiff fails to provide sufficient facts to suggest that his distress was sufficiently severe.

[10] Plaintiff does not address these factors and states in his application that several attorneys reviewed his case but declined to take the case because they did not want to pick up the case midstream.

the showing that counsel should be appointed under *Tabron*, he may file a new motion for counsel at the appropriate time.

**IT IS, THEREFORE**, on this 9th day of November 2022,

**ORDERED** that the Amended Complaint shall be filed; and it is further

**ORDERED** that the § 1983 claims for false arrest and false imprisonment shall PROCEED against Officers Craig Staffieri, Nicolas Marchisello, and Michael Gabbianelli; the underlying conspiracy claim shall PROCEED against Craig Staffieri, Nicolas Marchisello, Michael Gabbianelli, and Louis DeMatteo; and it is further

**ORDERED** that the malicious prosecution and underlying conspiracy claims shall PROCEED against Craig Staffieri, Nicolas Marchisello, Michael Gabbianelli, and Detective Darcangelo; Detective Darcangelo shall be added to the docket as a Defendant; and it is further

**ORDERED** that the remaining claims and Defendants are dismissed pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim for relief; and it is further

**ORDERED** that the Monroe Township Police Department, Walmart, and the John and Jane Does[11] shall be terminated from the docket; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copies of the USM-285 forms; and it is further

**ORDERED** that Plaintiff shall complete the USM-285 forms for Craig Staffieri, Nicolas Marchisello, Michael Gabbianelli, Detective Darcangelo, and Louis DeMatteo and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608 within 30 days; and it is further

---

[11] The John and Jane Does are listed on the Docket as John and Jane Does 1-5.

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Amended Complaint (ECF No. 15), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[12] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum & Order via regular mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[12] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.