UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID HOHSFIELD | : |
| Plaintiff, | : Civil No. 21-19295 (FLW)(DEA) |
| v. | : **ORDER** |
| OFFICER CRAIG STAFFIERI, et al. | : |
| Defendants. | : |

This matter comes before the Court on a motion by Plaintiff for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1).[1] While there is no right to counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993), "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. *See Tabron*, 6 F.3d at 156.

When deciding whether to appoint counsel under §1915, the Court must first be persuaded that a plaintiff's claim has some merit in law and fact. *See Tabron*, 6 F.3d at 155. If the Court finds Plaintiff's claim has threshold merit, the Court must then weigh a variety of factors to decide whether it is appropriate to appoint counsel: (1) the applicant's ability to

---

[1] Plaintiff filed a motion seeking the appointment of pro bono counsel on 2/18/22. ECF No. 13. The Hon. Freda L. Wolfson denied that motion based an Order entered that same day that directed Plaintiff not to file a motion for pro bono counsel until after he filed an Amended Complaint. ECF No. 14. Plaintiff filed his Amended Complaint on 3/16/22. ECF No. 15. The Court construes Plaintiff's letter of 12/23/22 as a renewing his motion for the appointment of pro bono counsel. ECF No. 24.

present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims, that is, "whether the case [is] solely a swearing contest," *Parham*, 126 F.3d at 460; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Id.* at 155-157. Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of pro bono counsel. *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

   The Court finds Plaintiff's application for pro bono counsel to be premature. The Amended Complaint was recently screened, certain claims have been permitted to proceed, and USM 285 forms were provided to Plaintiff in order to effect service by the U.S. Marshals Service. ECF No. 20. It appears that Plaintiff has not yet returned these forms, and service of the Amended Complaint has not been made. Where, as here, a complaint has not been served and no defendant has responded to the allegations, the only facts upon which the Court may evaluate the merits of Plaintiff's action are the bare allegations in the Complaint. Even if the Court presumes the case has sufficient threshold merit, the Court lacks sufficient information to consider the many of the additional factors outlined above. Overall, the factual and legal issues in this case "have not been tested or developed by the general course of litigation, making a [number of factors] of *Parham's* test particularly difficult to evaluate." *See Jenkins*,

2

2006 WL 2465414, at *1.

Moreover, Plaintiff has demonstrated his ability to prosecute his claims at this stage of the litigation, having filed, *e.g.*, a Complaint, an application to proceed in forma pauperis, a motion for appointment of counsel, an Amended Complaint, and several letters with the Court, all of which demonstrate sufficient literacy and the ability to apply relevant legal principles. *See Lazko v. Watts*, 373 Fed. App'x 196, 201 (3d Cir. 2010) (Plaintiff's numerous submissions indicated that he was able to present the necessary legal and factual issues to the court.).

For these reasons, the Court finds that the appointment of counsel is not appropriate at this time.  The Court recognizes that the above considerations may change as this litigation proceeds. The Court will continue to monitor the issues raised by Plaintiff may exercise its discretion to appoint counsel *sua sponte* if any of these considerations change. Accordingly,

**IT IS** on this 27th day of December 2022,

**ORDERED** that Plaintiff's motion for appointment of pro bono counsel is **DENIED** without prejudice.

s/ *Douglas E. Arpert*
Douglas E. Arpert, U.S.M.J.

3