UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID HOHSFIELD,** : | |
| : | Civil Action No. 21-19295 (RK)(JTQ) |
| Plaintiff, : | |
| : | |
| v. : | **MEMORANDUM ORDER** |
| : | |
| **OFFICER CRAIG STAFFIERI, et al.,** : | |
| : | |
| Defendants. : | |
| : | |

This matter comes before the Court on *pro se* Plaintiff David Hohsfield's motion for the appointment of *pro bono* counsel. ECF No. 50. The Court has fully reviewed Plaintiff's submissions and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons below, Plaintiff's motion is denied.

This is a civil rights action pursuant to 42 U.S.C. § 1983 that Plaintiff brings against several members of the Monroe Township Police Department—Officer Craig Staffieri, Officer Nicholas Marchiesello, Sergeant Michael Gabbianelli, and Detective Donald Darcangelo. According to Plaintiff, while he was shopping in a Walmart store, he was approached by several of these officers and arrested "for lewdness and endangering the welfare of a minor." ECF No. 15 at ¶ 4. The officers told Plaintiff that a Walmart employee had called the police to inform them that the employee had observed Plaintiff exposing himself to other customers. When questioned about the incident by Detective Darcangelo, Plaintiff denied the allegations. When questioned about his criminal history, Plaintiff stated he had been previously charged "with a sex offense" and is a registered offender under Megan's law. In this action, Plaintiff alleges Defendants conspired to,

and did, arrest and charge Plaintiff without probable cause because of his past criminal record. According to Plaintiff, store surveillance video exists that contradicts the allegations made against him. The criminal charges were eventually resolved in Plaintiff's favor.

Plaintiff commenced this action on October 25, 2021, alleging various claims including malicious prosecution, false arrest, false imprisonment, and conspiracy. On August 28, 2023, this case was stayed pending the disposition of the criminal proceedings against Plaintiff, and the present motion was administratively terminated. ECF No. 57. Ultimately, the charges against Plaintiff were dismissed by the Gloucester County Prosecutor's Office. ECF No. 61. The stay of this case was lifted on April 11, 2024, and this motion was reopened.

It is well settled that litigants in a civil case "possess neither a constitutional nor a statutory right to appointed counsel." *James v. Varano*, No. 20-1246, 2023 WL 195162, at *5 (3d Cir. Jan. 17, 2023); *see also Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (civil litigants "have no statutory right to appointed counsel."). Nevertheless, "[t]he court may request an attorney to represent any person unable to afford counsel." *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing 28 U.S.C. § 1915(e)(1)).

Section 1915(e) confers "broad discretion" on a court "to request an attorney to represent an indigent civil litigant." *Tabron*, 6 F.3d at 153. In exercising that discretion, the Court first "must consider as a threshold matter the merits of the plaintiff's claim." *Id.* at 155. Upon finding that "the plaintiff's claim has some arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Id.* These additional factors include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal

2

issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Id.* at 155-157. Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel. *Jenkins v. D'Amico*, Civ. No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58). Courts are to "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

As several of Plaintiff's claims have advanced past the initial screening conducted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court will presume for the purposes of this motion that Plaintiff's claims have sufficient merit to proceed to an analysis of the *Tabron* factors. The first factor is Plaintiff's ability to present his case. In this regard, Plaintiff argues that he is a "layperson" and lacks familiarity with the federal rules and the law.[1] However, a lack of legal knowledge is common to *pro se* litigants, and that fact alone is insufficient to warrant the appointment of counsel. *See Nickens v. Mercer Cnty. Corr. Ctr.*, No. 20-14489, 2021 WL 3206826, at *2 (D.N.J. July 28, 2021). Notwithstanding Plaintiff's lack of legal training, Plaintiff has successfully filed his Complaint, an *in forma pauperis* application, two Amended Complaints, and

---

[1] At the time Plaintiff filed his motion, he was an inmate at East Jersey State Prison. As such, he argued that he was unable to earn funds to afford counsel and that his limited access to the law library hampered the ability to prosecute his case. On April 9, 2024, Plaintiff advised the Court that he is no longer incarcerated, so these considerations are no longer applicable to this motion.

3

two motions for the appointment of counsel. Plaintiff has demonstrated he is literate, and he has been able to effectively communicate with the Court through correspondence and his various filings. He has participated in a telephone conference with the District Judge. Given these facts, Plaintiff appears to have the requisite ability to present and prosecute his case at this stage of the litigation. This factor thus weighs against the appointment of counsel.

In addition, the legal and factual issues at this juncture do not appear to be overly complex, nor do they appear to present any novel issues of law. *See Shepherd v. Ambrosino*, No. 07–4968, 2009 WL 2488184, at *1 (D.N.J. Aug.11, 2009) (finding that false arrest and malicious prosecution claims do not involve complex legal issues); *Molina v. City of Lancaster,* 159 F.Supp.2d 813, 821 (E.D.Pa. Mar. 30, 2001) (finding that malicious prosecution and conspiracy claims do not involve complex issues). To be sure, complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156. But here, Plaintiff's allegations do not implicate any novel or complicated issue of law, which counsels against the appointment of counsel.

As to the third *Tabron* factor, Plaintiff is no longer incarcerated, and there is no indication that Plaintiff is limited in his ability to conduct the necessary factual investigation with respect to his case. To investigate his claims and any potential defenses, Plaintiff will be able to use all the discovery tools made available to him by the Federal Rules of Civil Procedure. Therefore, the Court finds that this factor weighs against the appointment of counsel.

Turning to the fourth *Tabron* factor, the Third Circuit has noted that "it is difficult to imagine" a case where credibility does not play an important role. *Parham*, 126 F.3d at 460. As such, when considering whether case is "likely to turn on credibility determinations," a court is to

4

determine whether the case will be "solely a swearing contest." *Id.* Here, Plaintiff states that there is surveillance video of him from the date of the alleged incident that supports his claims in this case. While credibility will nevertheless play an important role in this matter, if unbiased video evidence will be central to the issues in this case, the Court does not find that this matter will solely be a swearing contest.

The next factor examines whether the case will require the testimony of expert witnesses. There is no indication at this juncture that expert witnesses will be required, therefore this factor weighs against appointment of counsel.

Finally, the Court considers Plaintiff's ability to retain counsel for his own behalf. Plaintiff, who is proceeding *in forma pauperis*, states that he currently lacks the financial resources to retain counsel. ECF No. 63. While Plaintiff's inability to afford counsel tends to favor appointment of *pro bono* counsel, the Court finds that this factor is outweighed when balancing with the remaining *Tabron* factors. Accordingly,

**IT IS** on this 11th day of June 2024

**ORDERED** that Plaintiff's motion for the appointment of pro bono counsel (ECF No. 50) is DENIED.

*s/ Justin T. Quinn*
JUSTIN T. QUINN
United States Magistrate Judge